UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry Williams,  #94203, | ) C/A No. 3:11-946-MBS-JRM |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| ~~Charles T. Brooks, III~~; ~~Carolyn F. Williams~~; ~~Bubber Jenkinson~~, Wayne C. McCabe, *Warden of Lieber Correctional Institution*, | ) |
| Respondents. | ) |

## *Background of this Case*

Petitioner is an inmate at the Lieber Correctional Institution. According to the South Carolina Department of Corrections website (www.doc.sc.gov), Petitioner is serving a life sentence for first-degree burglary.

Petitioner's prior habeas corpus cases and the Petition in the above-captioned case indicate that on November 19, 1987, in the Court of General Sessions for Williamsburg County, the petitioner was convicted, pursuant to a jury's verdicts, of first-degree burglary and burning personal property. The petitioner is serving a life sentence. No direct appeal was filed.

The petitioner was, initially, successful in his post-conviction case. The Court of Common Pleas for Williamsburg County granted the petitioner's application for post-conviction relief. The State of South Carolina filed a Rule 59 motion, and was successful in its post-judgment motion. The

Court of Common Pleas for Williamsburg County granted the State of South Carolina's post-judgment motion and denied post-conviction relief. The Supreme Court of South Carolina denied certiorari in the petitioner's appeal from the denial of post-conviction relief. The Petition in the above-captioned case is Petitioner's fourteenth habeas corpus action brought under 28 U.S.C. § 2254 in the United States District Court for the District of South Carolina.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

With respect to his conviction, Petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973) (exhaustion required under 28 U.S.C. § 2241). Although Petitioner has exhausted his state court remedies, he has, in the case at bar, submitted a successive habeas corpus petition.

In *Larry Williams v. State of South Carolina Justice Committee, et al.*, Civil Action No. 3:95-1321-21BC, Petitioner filed a § 2254 petition. The respondents were served and filed a motion for summary judgment. Petitioner was apprised of summary judgment procedure, as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The petitioner filed a response to the respondents' motion for summary judgment.

In a Report and Recommendation filed in Civil Action No. 3:95-1321-21BC on February 27, 1996, the undersigned recommended that the respondents' motion for summary judgment be granted. Petitioner did not file objections to the Report and Recommendation, although he had been informed of his right to do so and of the serious consequences of a failure to do so. In an order filed on March 22, 1996, the Honorable William B. Traxler, Jr., (then) United States District Judge, adopted the Report and Recommendation and granted the respondents' motion for summary judgment. No appeal was filed.

In a subsequent § 2254 case, *Larry Williams v. State of South Carolina, et al.*, Civil Action No. 3:95-4030-21BC, the undersigned on December 26, 1995, authorized service of the petition upon the respondents. The undersigned on February 16, 1996, directed the petitioner to submit a Rule 9(b) questionnaire because the respondents had filed a motion to dismiss. The petitioner did

not do so. In a Report and Recommendation filed on April 5, 1996, the undersigned recommended that the respondents' motion to dismiss be granted. The petitioner filed timely written objections to the Report and Recommendation. On May 6, 1996, Judge Traxler granted the motion to dismiss. No appeal was filed.

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits). *See also Tyler v. Cain*, 533 U.S. 656 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). Since Civil Action No. 3:95-1321-21BC was decided by summary judgment, the petition in the above-captioned case (Civil Action No. 3:11-00946-MBS-JRM) is successive. This court may take judicial notice of Civil Action No. 3:95-1321-21BC. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); and *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

When a petitioner has previously litigated a § 2554 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4)."

In any event, there is no indication in the present petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the AEDPA for filers of successive § 2254 petitions. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."). Before Petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he **must** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). Petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit (1100 East Main Street — Suite 501, Richmond, Virginia 23219-3517). *See In re Williams*, 330 F.3d 277 (4th Cir. 2003). The form is entitled "Motion for Authorization to File Successive Application under 28 U.S.C. § 2244."

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a post-conviction petition is issued. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

## *Recommendation*

Accordingly, it is recommended that the Section 2254 Petition be dismissed *without prejudice and without requiring Respondent to file an answer or return. See Allen v. Perini*, 424

F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, No. C 94-3649 VRW, 1995 WL 150451 (N.D. Cal. March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the AEDPA.  It is also recommended that the District Court deny a Certificate of Appealability.  *See also* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Petitioner's attention is directed to the important notice on the next page.

                                  Joseph R. McCrorey
                                  United States Magistrate Judge

June 7, 2011
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).